UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                                                          **REPLY MEMORANDUM OF
                                                          LAW**

          -against-                                       23-CR-158


KATHLEEN BREAULT and
KELLY MCDERMOTT,

                        Defendants.
_____


**<u>KELLY McDERMOTT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF HER
MOTION TO DISMISS THE INDICTMENT</u>**


**CAPEZZA HILL, LLP**
**BENJAMIN W. HILL**
*Attorneys for Kelly McDermott*
30 South Pearl Street, P-110
Albany, New York 12207
518.478.6065 (phone)
Ben@capezzahill.com


i

## ARGUMENT

The Government's response in opposition to Defendant Kelly McDermott's Motion to Dismiss the Indictment under Federal Rule of Criminal Procedure 12(b) makes clear that dismissal is appropriate because (1) the government concedes that New York State administered the COVID vaccine program that defendants are alleged to have defrauded; (2) the Government failed to sufficiently allege that a federal agency function was obstructed; and (3) the Government's asserted "lawful functions" of the United States Center for Disease Control ("CDC") and Health and Human Services ("HHS") are generic, limitless, and if accepted would capture any act that could be deemed to interfere with the "protect[ion] of public health," however the Government chooses to define that elastic phrase.

For all these reasons and those previously stated, the Court should reign in the Government's attempt to expand the scope of 18 U.S.C. § 371 and dismiss the Indictment.

## I.   New York State Administered the COVID Vaccine Program within New York State.

Though it asserts HHS and CDC were engaged in the lawful function of vaccinating the public and ensuring accurate proof of vaccination, the Government all but concedes that the actual administration of COVID-19 vaccinations was a State, not federal function, with each state controlling the administration of its own vaccination plan.  To wit, the Government concedes that "NY DOH played a role in *overseeing vaccine administration*" in New York, yet maintains that the vaccination of the American public was a federal agency function.  It was not.

The Government's untenable position is at odds with the public record and New York State's unique Vaccination Plan as set forth in McDermott's initial moving papers.  The Government does not deny that New York State administered the vaccination program, rather, it argues that Defendants obstructed CDC's efforts to vaccinate the public in general while conceding

that the actual administration, as well as all of the alleged fraudulent acts, were directed at New York State's administrative program including New York State Immunization Information System ("NYSIIS"). Importantly, the Government concedes that other non-federal entities, including the fifty states and territories, "would administer the COVID-19 vaccine." (Indictment at ¶ 11). Because 18 U.S.C. § 371 does not encompass alleged schemes to defraud private entities or non-federal agencies, the alleged conspiracy cannot stand as a matter of law. *Tanner v. United States*, 483 U.S. 107 (1987).

Moreover, the Government's argument that its tracking of Section 371's statutory language in the Indictment is sufficient to meet its facial burden is incorrect – in conspiracy cases such as this one charged under Section 371's "fraud clause," the  Government must "plead . . . an agreement with respect to the essential nature of the alleged fraud." *United States v. Rosenblatt*, 554 F.2d 36, 41-42 (2d Cir. 1977) (quotations omitted). In this case, the essential nature of the alleged fraud, per the Indictment, is Defendants' alleged misrepresentations and fraudulent acts that purportedly induced NY DOH to act in reliance on them. *Denis v. United States*, 384 U.S. 855 (1966). It is simply not alleged that any fraudulent act was directed at a federal agency or induced CDC or HHS to act or not act in any particular way and, unsurprisingly, there is no descriptive allegation as to how or if CDC/HHS's functions were obstructed.

In sum, the Government's argument that its Indictment should stand even in the absence of any specific allegation that a federal government agency was defrauded should be rejected.

## II.    The Government has Failed to Sufficiently Allege that a Federal Agency Function was Obstructed.

The Government argues that defendants obstructed the "federal government's efforts to vaccinate the American public during an unprecedented global health crisis." Gov't Resp. at p. 11. Even assuming the Government is correct that vaccinating the entire American public is within its

proper and lawful functions (*cf. Nat'l Fed. of Indep. Bus. v. Dep't of Labor*, 595 U.S. 109 (2022)), there is still no allegation that defendants' alleged actions made it "more difficult for [HHS/CDC] to carry out" this function.  *United States v. Shellef,* 507 F.3d 82, 104 (2d Cir. 2007).  Indeed, there is no specific allegation regarding the obstruction of any federal agency function – including the "protect[ion] of public health through prevention of disease." Indictment at ¶ 7; *see Medical Professionals for Informed Consent v. Bassett*, 78 Misc.3d 482 (Sup. Ct. Onondaga Cty. Jan. 15, 2023) (observing that COVID-19 shots did not prevent transmission).

Nor is the HHS/CDC's purported goal of vaccinating the entire American public "clearly within its lawful functions." *United States v. Liu*, 2022 WL 14177192, at *3 (2d Cir. Oct. 25, 2022).  Unlike the IRS's administration of federal income taxes (*United States v. Gurary*, 860 F.2d 521 (2d Cir. 1988)), or the State Department's administration of a visa program (*United States v. Liu*, 2022 WL 14177192), the actual administration of the COVID-19 vaccination and record-keeping of vaccinated individuals was unquestionably done by the states and territories, according to their own individualized plans.  This is made clear both by the allegations in the Indictment and the public record as set forth in McDermott's initial moving papers.  For example, New York's distribution of the vaccine to providers was administered by NY DOH, not CDC.  NYSIIS was created by New York State before COVID and was never administered by CDC.  Indeed, the entire onboarding process for vaccine providers in New York was promoted and administered by NY DOH, not CDC.

The federal government's funding and even supervision in support of a state government function, without more, is insufficient to constitute obstruction of a federal agency function under Section 371.  *Tanner v. United States,* 483 U.S. at 130-32.

### III.    The Government's Alleged Lawful Functions are Without Limit

To the extent the Government contends that any fraudulent or deceitful act serving to undermine its effort to protect "public health" through the "prevention of disease" could be the subject of a federal charge under Section 371, such argument must be rejected. Gov't Resp. at p. 10.  Such a definition, if permitted, would sanction the prosecution of any deceitful act that could be deemed to obstruct public health or undermine the prevention of disease, no matter how disconnected to a federal agency that act is.  Section 371 criminalizes the obstruction of lawful federal government agency *functions*, not their aspirational purposes.  Indeed, irrespective of whether Section 371 requires the obstruction of a specific duty with legal or regulatory foundation, to maintain a prosecution under Section 371's fraud clause, there must at least be a targeting of the federal agency's administrative function, as was the case in *United States v. Liu*, 2022 WL 14177192 (2d Cir. 2022), which concerned the administration of the federal State Department's visa program.  Here, there is no allegation that defendants obstructed a federal agency's administrative functions – all of the alleged obstructive and deceitful acts alleged in the Indictment concern NY DOH, the administrator of New York's vaccination program.

## **CONCLUSION**

For all these reasons and those previously stated, the Court should reject the Government's attempt to expand 18 U.S.C. § 371 and grant Kelly McDermott's Motion to Dismiss the Indictment because it fails to allege a conspiracy under that statute and is unconstitutionally vague as applied to her.

Dated: November 9, 2023

**CAPEZZA HILL, LLP**

**BENJAMIN W. HILL, ESQ.**
*Attorneys for Defendant McDermott*
30 South Pearl Street, P-110
Albany, New York 12207
518-478-6065
Ben@capezzahill.com